# Exhibit A

**COPY**

NO. 945638

C.C.C.L. #4

| | | |
|---|---|---|
| GERARDO and MARIA GARCIA | § | CIVIL COURT AT LAW |
| | § | |
| VS | § | COURT NO. ____ |
| | § | |
| MITSUBISHI MOTORS CREDIT OF AMERICA, INC. | § | |
| HSBC AUTO FINANCE, INC. fka HOUSEHOLD AUTOMOTIVE FINANCE CORPORATION and | § | |
| CAVALRY PORTFOLIO SERVICES, LLC, | § | HARRIS COUNTY, TEXAS |

RECEIVED 2009 AUG 18 AM 9:41 HARRIS COUNTY CLERK HARRIS COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

The Plaintiff MARIA GARCIA complains of MITSUBISHI MOTORS CREDIT OF AMERICA, INC. HSBC AUTO FINANCE, INC. fka HOUSEHOLD AUTOMOTIVE FINANCE CORPORATION and CAVALRY PORTFOLIO SERVICES, LLC as follows:

**1.
Discovery**

1.1    This is a Level 1 Discovery Case pursuant to rule 194.2 of the Texas Rule of Civil Procedure.

**2.
Parties**

2.1    Plaintiffs GERARDO and MARIA GARCIA reside in Houston, Harris County, Texas.

2.2    The defendant MITSUBISHI MOTORS CREDIT OF AMERICA, INC. ("MITSUBISHI"), is a foreign corporation authorized to do and doing business in the State of Texas, and wich may be served through its authorized agent for service of process CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

2.3    The defendant HSBC AUTO FINANCE, INC. FKA HOUSEHOLD AUTOMOTIVE FINANCE CORPORATION ("HOUSEHOLD") is a foreign corporation authorized to do and

doing business in the State of Texas, and which may be served through its authorized agent for service of process CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201..

2.4     The defendant CAVALRY PORTFOLIO SERVICES, LLC ("CAVALRY") is a foreign corporation authorized to do and doing business in the State of Texas, and which may be served through its authorized agent for service of process CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201..

## 3.
## Jurisdiction and Venue

3.1     Jurisdiction is proper in the District Court because the amount in controversy exceeds the minimum jurisdictional limits of this court but does not exceed the maximum amounts of the jurisdiction of this Court.

3.2     Venue is proper in Houston, Harris County, Texas because both the contract that is the basis of this lawsuit and the Plaintiff resides in Harris County.

## 4.
## Facts

4.1     On or about August 30, 2003, Gerardo and Maria Garcia ("Garcia") signed documents to purchase a 2003 Mitsubishi Outlander, VIN JA4LX41G430042738 ("the vehicle") from McGinnis Mitsubishi ("McGinnis"). The sale was accomplished through high-pressure sales tactics on a Saturday. After a review of the transaction over the weekend, Garcia was uncomfortable with the transaction and decided to cancel it. Maria Garcia talked with individuals from McGinnis on Monday and Tuesday indicating that she intended to cancel the purchase. When no one would acknowledge her request, she returned the vehicle on September 4, 2003 and cancelled payment on the $5,000.00 down payment check. Since that time Mitsubishi Motors Credit has attempted to sell the Retail Installment Contract to Household Financial Corporation. Household invoked a contractual provision to have Mitsubishi Motors Credit repurchase the contract.

4.2     Despite being notified of the cancellation of this purchase, Mitsubishi Motors Credit contends that the purchase was not cancelled and that the vehicle was repossessed in January of 2004 and sold at auction in February 2004. The Garcias contend that there can be no repossession because there was never a valid sale. Both Household and Mitsubish Motors have reported this account to Credit Reporting Agencies.

4.3     McGinnis utilized a document in its transaction with Garcia called a Spot Delivery Agreement. This form is drafted by legal counsel for automobile dealers to allow the automobile dealer to cancel the transaction and exact a penalty from the Buyer if the Buyer's credit application is not attractive to buyers of the Retail Installment Contract. The Garcias used equivalent rights to cancel the contract before it was funded by the Mitsuibishi.

4.4     Currently, Cavalry claims to be the owner of the RISC.   Mitsubishi, Household and Cavalry currently report the account to Credit Reporting Agencies. Garcia has disputed each entry to the Credit Reporting Agencies.  Mitsubishi, Household and Cavalry have verfied the debt.

4.5     Garcia has been damaged in the

**4.6.**    The Garcias have applied for various loans and credit cards.  Based upon the adverse information from the MITSUTISHI, HOUSEHOLD and CAVALRY tradelines their credit scores are lower and they have been denied those loans that they would have received if the tradelines were correctly reported.

4.7     Beginning in the fall of 2006, GARCIA spent hours calling and writing to MITSUTISHI, HOUSEHOLD and CAVALRY and the Credit Reporting Agencies ("CRAs") to get the item deleted from their credit report.  GARCIA asked CAVALRY to verify the debt. CAVALRY failed and refused to do so.

4.8     The inaccurate derogatory information from MITSUTISHI, HOUSEHOLD and CAVALRY damaged the GARCIAS by lowering their credit scores and costing additional interest.

5.

## LIABILITY OF CAVALRY
### First Count: FCRA

5.1. Plaintiff incorporates by reference paragraphs 1 to 4.8 above.

5.2. In this action, Defendant, CAVALRY is a FURNISHER as defined in the Fair Credit Reporting Act.

5.3. Plaintiff notified TRANSUNION, EQUIFAX/CSC and EXPERIAN of his dispute with CAVALRY. Upon information and belief, TRANSUNION, EQUIFAX/CSC and EXPERIAN forwarded the dispute to Defendant CAVALRY as required by **15 USC 1681s(2)a**. Upon information and belief, CAVALRY received the notice of the dispute from TRANSUNION, EQUIFAX/CSC and EXPERIAN and has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to follow **15 USC 1681s(2)b** by:

a. failing to conduct an investigation with respect to the disputed information; *1681s-2(b)(1)(A);*
b. failing to review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)]; *1681s-2(b)(1)(B);*
c. failing to report the results of the investigation to the consumer reporting agency; *1681s-2(b)(1)(C);*
d. after determining from the investigation that the information is incomplete or inaccurate, failing to report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; *1681s-2(b)(1)(D);*
e. failing to complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USCS § 1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information. *1681s-2(b)(2);*

5.4 In addition to actual or compensatory damages, CAVALRY is liable unto Plaintiffs in a sum to be assessed by the trier of fact for punitive/exemplary damages under states' laws, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

### Second Count: FDCPA

5.5. At all times relevant to this claim, the GARCIAS were consumers as that term is defined in *FDCPA § 1692a(3)*.

5.6. At all times relevant to this claim, CAVALRY. was a debt collector as that term is defined in *FDCPA § 1692a(6)*.

### Misrepresentation of the Status of Debt

5.7. In its written and oral communications with the GARCIAS and with the credit reporting bureaus to whom he submitted reports concerning the alleged debt, CAVALRY represented that the debt was within permissible reporting dates when it was not. By misrepresenting the debt in this manner, CAVALRY violated *FDCPA § 1692e* and *1692e(2)(A)*.

### Failure to Send Validation Notice

5.8. At no time did CAVALRY send the notice required by *15 U.S.C. § 1692g(a)* advising Mr. GARCIA of this right to dispute the debt.

### Failure to Report Debt as Disputed

5.9. Despite having received notice that the GARCIAS disputed their liabilty for the debt in question, CAVALRY reported the debt to one or more credit reporting agencies without reporting that the debt was disputed in violation of *FDCPA § 1692e and 1692e(8)*.

### Third Count: Texas Debt Collection Act

5.10. At all times relevant to this claim, the GARCIAS were consumers as that term is defined in *TDCA § 392.001(1)* and his alleged debt was a consumer debt as that term is defined in *TDCA § 392.001(2)*.

5.11. At all times relevant to this claim, CAVALRY. was a debt collector as that term is defined in *TDCA § 392.001(6)*.

5.12. At all times relevant to this claim, CAVALRY was a third-party debt collector as that term is defined in the *TDCA § 392.001(7)*.

5.13 By representing that the GARCIAS were liable for the debt in question when they were not, CAVALRY violated *TDCA § 392.304(8)* which prohibits misrepresentation of the character, extent, or amount of a consumer debt.

5.14 By representing to credit reporting agencies such as TransUnion and Experian that the GARCIAS were refusing to pay the alleged debt after receiving his written dispute of the debt, CAVALRY violated *TDCA § 392.301(3)*.

### Damages

5.16 The unlawful conduct alleged above has caused and been a producing cause of actual damages to the GARCIAS, including but not limited to damages for mental anguish and injury to his credit reputation.

### Injunction; Private Attorney General

5.17 The GARCIAS are entitled to an injunction prohibiting further violations of the TDCA and meets all of the requirements of equity and the TDCA for the issuance of a preliminary and permanent injunction against those violations as a private attorney general on behalf of all others similarly situated.

### 6.

### LIABILITY OF HOUSEHOLD
### First Count: FCRA

6.1. Plaintiff incorporates by reference paragraphs 1 to 4.8 above.

6.2. In this action, Defendant, HOUSEHOLD is a FURNISHER as defined in the Fair Credit Reporting Act.

6.3. Plaintiff notified TRANSUNION, EQUIFAX/CSC and EXPERIAN of his dispute with HOUSEHOLD. Upon information and belief, TRANSUNION, EQUIFAX/CSC and EXPERIAN forwarded the dispute to Defendant HOUSEHOLD as required by **15 USC 1681s(2)a**. Upon information and belief, HOUSEHOLD received the notice of the dispute from TRANSUNION, EQUIFAX/CSC and EXPERIAN and has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to follow **15 USC 1681s(2)b** by:

a. failing to conduct an investigation with respect to the disputed information; *1681s-2(b)(1)(A);*
b. failing to review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)]; *1681s-2(b)(1)(B);*
c. failing to report the results of the investigation to the consumer reporting agency; *1681s-2(b)(1)(C);*
d. after determining from the investigation that the information is incomplete or inaccurate, failing to report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; *1681s-2(b)(1)(D);*
e. failing to complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USCS § 1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information. *1681s-2(b)(2);*

6.4 In addition to actual or compensatory damages, HOUSEHOLD is liable unto Plaintiffs in a sum to be assessed by the trier of fact for punitive/exemplary damages under states' laws, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

## Second Count: FDCPA

6.5. At all times relevant to this claim, the GARCIAS were consumers as that term is defined in *FDCPA § 1692a(3)*.

6.6. At all times relevant to this claim, HOUSEHOLD. was a debt collector as that term is defined in *FDCPA § 1692a(6)*.

### Misrepresentation of the Status of Debt

6.7. In its written and oral communications with the GARCIAS and with the credit reporting bureaus to whom he submitted reports concerning the alleged debt, HOUSEHOLD represented that the debt was within permissible reporting dates when it was not. By misrepresenting the debt in this manner, HOUSEHOLD violated *FDCPA § 1692e* and *1692e(2)(A)*.

### Failure to Send Validation Notice

6.8. At no time did HOUSEHOLD send the notice required by *15 U.S.C. § 1692g(a)* advising Mr. GARCIA of this right to dispute the debt.

### Failure to Report Debt as Disputed

6.9. Despite having received notice that the GARCIAS disputed their liabilty for the debt in question, HOUSEHOLD reported the debt to one or more credit reporting agencies without reporting that the debt was disputed in violation of *FDCPA § 1692e and 1692e(8)*.

### Third Count: Texas Debt Collection Act

6.10. At all times relevant to this claim, the GARCIAS were consumers as that term is defined in *TDCA § 392.001(1)* and his alleged debt was a consumer debt as that term is defined in *TDCA § 392.001(2)*.

6.11. At all times relevant to this claim, HOUSEHOLD. was a debt collector as that term is defined in *TDCA § 392.001(6)*.

6.12. At all times relevant to this claim, HOUSEHOLD was a third-party debt collector as that term is defined in the *TDCA § 392.001(7)*.

6.13 By representing that the GARCIAS were liable for the debt in question when they were not, HOUSEHOLD violated *TDCA § 392.304(8)* which prohibits misrepresentation of the character, extent, or amount of a consumer debt.

6.14   By representing to credit reporting agencies such as TransUnion and Experian that the GARCIAS were refusing to pay the alleged debt after receiving his written dispute of the debt, HOUSEHOLD violated *TDCA § 392.301(3)*.

### Damages

6.16   The unlawful conduct alleged above has caused and been a producing cause of actual damages to the GARCIAS, including but not limited to damages for mental anguish and injury to his credit reputation.

### Injunction; Private Attorney General

6.17   The GARCIAS are entitled to an injunction prohibiting further violations of the TDCA and meets all of the requirements of equity and the TDCA for the issuance of a preliminary and permanent injunction against those violations as a private attorney general on behalf of all others similarly situated.

### 7.

### LIABILITY OF MITSUBISHI
### First Count:  FCRA

7.1.   Plaintiff incorporates by reference paragraphs 1 to 4.8 above.

7.2.   In this action, Defendant, MITSUBISHI is a FURNISHER as defined in the Fair Credit Reporting Act.

7.3.   Plaintiff notified TRANSUNION, EQUIFAX/CSC and EXPERIAN of his dispute with MITSUBISHI.  Upon information and belief, TRANSUNION, EQUIFAX/CSC and EXPERIAN forwarded the dispute to Defendant MITSUBISHI as required by **15 USC 1681s(2)a**.  Upon information and belief, MITSUBISHI received the notice of the dispute from TRANSUNION, EQUIFAX/CSC and EXPERIAN and has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to follow **15 USC 1681s(2)b** by:

a. failing to conduct an investigation with respect to the disputed information; *1681s-2(b)(1)(A)*;
b. failing to review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)]; *1681s-2(b)(1)(B)*;
c. failing to report the results of the investigation to the consumer reporting agency; *1681s-2(b)(1)(C)*;
d. after determining from the investigation that the information is incomplete or inaccurate, failing to report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; *1681s-2(b)(1)(D)*;
e. failing to complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USCS § 1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information. *1681s-2(b)(2)*;

7.4 In addition to actual or compensatory damages, MITSUBISHI is liable unto Plaintiffs in a sum to be assessed by the trier of fact for punitive/exemplary damages under states' laws, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

### Second Count: FDCPA

7.5. At all times relevant to this claim, the GARCIAS were consumers as that term is defined in *FDCPA § 1692a(3)*.

7.6. At all times relevant to this claim, MITSUBISHI. was a debt collector as that term is defined in *FDCPA § 1692a(6)*.

### Misrepresentation of the Status of Debt

7.7. In its written and oral communications with the GARCIAS and with the credit reporting bureaus to whom he submitted reports concerning the alleged debt, MITSUBISHI represented that the debt was within permissible reporting dates when it was not. By misrepresenting the debt in this manner, MITSUBISHI violated *FDCPA § 1692e* and *1692e(2)(A)*.

### Failure to Send Validation Notice

7.8.   At no time did MITSUBISHI send the notice required by *15 U.S.C. § 1692g(a)* advising the GARCIAS of their right to dispute the debt.

### Failure to Report Debt as Disputed

7.9.   Despite having received notice that the GARCIAS disputed their liabilty for the debt in question, MITSUBISHI reported the debt to one or more credit reporting agencies without reporting that the debt was disputed in violation of *FDCPA § 1692e and 1692e(8)*.

### Third Count: Texas Debt Collection Act

7.10.   At all times relevant to this claim, the GARCIAS were consumers as that term is defined in *TDCA § 392.001(1)* and his alleged debt was a consumer debt as that term is defined in *TDCA § 392.001(2)*.

7.11.   At all times relevant to this claim, MITSUBISHI. was a debt collector as that term is defined in *TDCA § 392.001(6)*.

7.12.   At all times relevant to this claim, MITSUBISHI was a third-party debt collector as that term is defined in the *TDCA § 392.001(7)*.

7.13   By representing that the GARCIAS were liable for the debt in question when they were not, MITSUBISHI violated *TDCA § 392.304(8)* which prohibits misrepresentation of the character, extent, or amount of a consumer debt.

7.14   By representing to credit reporting agencies such as TransUnion and Experian that the GARCIAS were refusing to pay the alleged debt after receiving his written dispute of the debt, MITSUBISHI violated *TDCA § 392.301(3)*.

### Damages

7.16 The unlawful conduct alleged above has caused and been a producing cause of actual damages to the GARCIAS, including but not limited to damages for mental anguish and injury to his credit reputation.

### Injunction; Private Attorney General

7.17 The GARCIAS are entitled to an injunction prohibiting further violations of the TDCA and meets all of the requirements of equity and the TDCA for the issuance of a preliminary and permanent injunction against those violations as a private attorney general on behalf of all others similarly situated.

### 8.

### LIABILITY OF all DEFENDANTS
### Declaratory Judgment

8.1. Plaintiff incorporates by reference paragraphs 1 to 4.8 above.

8.2 **Declaratory Judgment.** The Plaintiff is a person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, specifically the RISC and the Conditional Delivery Agreement. The Plaintiff seeks to have determined certain questions of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder including their right to recover one or more forms of relief under such statutes, etc.

### 9.
### Attorney's Fees

9.1 Plaintiff realleges and incorporates paragraphs 2.1 through 4.8.

9.2 Plaintiff is entitled to recover attorney's fees pursuant to the TDCA, the FDCPA, and the FCRA.

---

*Plaintiff's Original Petition page 12*

9.3   All conditions precedent to Plaintiff's recovery have been performed or have occurred and the Defendant have failed and refused to perform pursuant to that demand.

## 10.
## Disclosure Request

10.1   Pursuant to Rules 194 of the Texas Rules of Civil Procedure you are requested to disclose, within 50 days of this request, the information or material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (I), (j) and (k) and all subparts.

**WHEREFORE**, the Plaintiffs GERARDO and MARIA GARCIA requests that the Defendants named herein be cited to appear and answer herein, that Plaintiff recover their actual damages, statutory damages, exemplary damages, pre and post judgment interest, attorneys fees, costs of Court and such other and further relief to which they may show thimselves to be entitled.

Respectfully Submitted,

MARK L. ASCHERMANN
ATTORNEY FOR PLAINTIFF
SBN #01368700
3730 KIRBY DRIVE #520
HOUSTON TEXAS 77098
(713) 942-0808 (713) 942-0449 FAX

## CONDITIONAL SALE, DELIVERY AND BAILMENT AGREEMENT

This agreement is attached to and forms a part of the sale and purchase documentation executed by and between __McGINNIS MITSUBISHI__, Dealer, and the undersigned Buyer, and concerns the following described vehicle (referred to herein as the "vehicle"):

__2003 MITS        OUTL__        Stock No. __M03283__   __JA4LX41G43U042738__
(VIN)

Dealer agrees to sell and Buyer agrees to buy the above described vehicle on the terms separately agreed to by the parties in the last dated, executed retail buyer's order, retail vehicle installment agreement, agreement to provide insurance, FTC Buyer's Guide, dealership disclosure, and other similar or related documents (collectively the "purchase documents"), provided, however, that the parties' mutual agreements are subject to and conditioned upon Buyer's receiving credit approval and financing for such purchase. Dealer hereby agrees to promptly seek to obtain such financing for Buyer; provided, however, that Dealer makes no representation that such financing can or will be obtained and Dealer shall have no liability or responsibility to Buyer on account of acceptable financing not being obtained. Pending the approval of financing for Buyer, and prior to the actual purchase of the vehicle, Buyer requests that Dealer permit Buyer to take conditional delivery and possession of the vehicle until Buyer's financing is approved or disapproved. Buyer represents that all material statements and representations made in purchase documents and the Buyer's credit application are true and correct, and inconsideration thereof, and in reliance upon the truth and accuracy of the referenced statements and representations, Dealer makes this conditional delivery of the vehicle to Buyer. Any material misrepresentation by Buyer in the purchase documents or credit application, or failure of Buyer to tender the full contract price to Dealer entitles Dealer to cancel the conditional delivery, terminate this Agreement, and retain Buyer's down payment or deposit, not as a penalty but as liquidated damages. If Buyer is denied credit, Dealer may also cancel the conditional delivery and terminate this Agreement.

Buyer agrees to promptly complete the purchase of the vehicle if financing is approved. Buyer shall not interfere with financing approval in any way, including but not limited to not making good on the down payment or deposit, failing to cooperate with the lender, refusing to obtain an insurance binder, preventing verification of insurance coverage, or failing to provide good title to a trade-in. Any such interference is a default of this Agreement and Dealer may at its sole discretion and election cancel the conditional delivery, terminate this Agreement, and retain Buyer's down payment or deposit, not as a penalty but as liquidated damages. Buyer further agrees to obtain liability, comprehensive, and collision insurance for the vehicle before taking conditional delivery and accepts full responsibility for such insurance and any resulting damage to the vehicle.

Upon cancellation of the conditional delivery or termination of this Agreement by Dealer, or upon breach by Buyer, Buyer shall promptly return the vehicle to Dealer at Dealer's address in good condition. Buyer shall be liable to Dealer for all damage to, destruction to, abuse of, excessive wear upon, and/or mileage and use of the vehicle, and daily rental charges for the vehicle while in the possession of the Buyer. Mileage and use as used herein shall mean the total miles which the vehicle is driven while in Buyer's possession for each day in Buyer's possession. Buyer shall owe Dealer $50 per day and thirty cents (30¢) for every mile which the vehicle is driven in excess of 100 miles per day, which sum shall be in addition to any amounts owed for damage, destruction and abuse. Further, in the event of damages, destruction, abuse, excessive wear and/or mileage and use, any sums heretofore deposited by Buyer with Dealer in connection with the conditional sale, may, at the option of the Dealer, be applied to the extent necessary to compensate the Dealer for mileage, use, loss of value, and to pay the cost of repairs; provided, however, that if said sums be insufficient to compensate for the foregoing, the Dealer may proceed against the Buyer by other legal remedies to recover its loss. Buyer agrees to pay Dealer's attorney's fees and costs if Dealer is a prevailing party in litigation related to this agreement.

If Dealer is able to arrange or provide Buyer with financing according to the terms set forth in the purchase documents, the purchase documents shall, at Dealer's sole discretion and election, be binding upon Buyer and specifically enforceable by Dealer, or Dealer may cancel the conditional delivery and terminate this Agreement as heretofore provided, retaining Buyer's down payment and deposit and being entitled to daily rental, mileage and use, and repair compensation.

Dated at Houston, Texas, __AUG. 30__, 20 __03__.

X _____
Buyer(s)

__McGINNIS MITSUBISHI__
By: _____

GERARDO V GARCIA
GARCIA, GERARDO V

(DEAL COPY) WHITE           (CUSTOMER) YELLOW

RESTEX, INC. 1-888-445-7690



ASCHERMANN
ATTORNEY AT LAW
6300 WEST LOOP S, STE. 341
BELLAIRE, TEXAS 77401

$7.34  US POSTAGE
SEP 3 2009  Mailed from ZIP 77098
9 oz First-Class Flat Rate

Pitney Bowes  071P00609915

CT Corporation Systems
350 N Saint Paul St
Dallas, TX 75201-4284

